IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01233-KAS

SAVANNAH HELM, an individual,

    Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY, a corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion for Determination of Question of Law** [#23] (the "Motion"). Plaintiff filed a Response [#24], and Defendant filed a Reply [#25]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law. For the reasons set forth below, the Motion [#23] is **DENIED**.[1]

**I. Background**

This is an insurance coverage dispute arising from a car accident. Although not explicitly framed as such by the parties, the Court construes the Motion [#23] as moving for summary judgment on an issue of law. *See, e.g.*, *Royal Crest Dairy, Inc. v. Cont'l W. Ins. Co.*, No. 17-cv-00949-RM-KLM, 2024 WL 404485, at *5-6, 10 (D. Colo. Feb. 2, 2024) (construing a motion framed as a request for a determination of a question of law in an insurance case as a motion for partial summary judgment). The parties have stipulated

---

[1] The parties proceed before the undersigned on consent pursuant to 28 U.S.C. § 636(c). *Consent* [#12]; *Order of Reference* [#13]; *Reassignment* [#26].

to material facts and only dispute the application of the law to these facts. *Motion* [#23] at 1; *Response* [#24] at 3-4. In addition to these facts, the Court considers the Order of Case Dismissal [#23-1] from a related state court case, *Helm v. Young*, 2023CV30205 (Colo. Dist. Ct., Jefferson Cnty., Sept. 2, 2021) (the "Jefferson County Lawsuit").

On February 23, 2018, Plaintiff was involved in an accident with a vehicle driven by Vicky Young ("Ms. Young"). *Id.* at 3, ¶ 1. At the time of the accident, Ms. Young was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* at 3, ¶ 2. Plaintiff pursued a personal injury claim against Ms. Young through State Farm, which never denied that Ms. Young had insurance coverage. *Id.* at 3-4, ¶¶ 3, 6. On February 9, 2021, State Farm extended a settlement offer to Plaintiff, which she rejected. *Id.* at 3, ¶ 4.

On February 19, 2021, Plaintiff filed the Jefferson County Lawsuit against Ms. Young. *Id.* at 4, ¶ 7. On June 1, 2021, Ms. Young filed a motion to dismiss pursuant to Colo. R. Civ. P. 12(b)(1), arguing that she was a government employee immune from suit because there was no waiver for her driving her personal vehicle. *Id.* at 4, ¶¶ 8-9. On September 2, 2021, a hearing was held to determine whether Ms. Young was working within the course and scope of her employment at the time of the collision. *Id.* at 4, ¶ 10. On September 2, 2021, following the hearing, the judge issued an order dismissing the case, finding that immunity set forth in Colo. Rev. Stat. § 24-10-118(2)[2] applied to Plaintiff's claims for recovery against Ms. Young. *Id.* at 4, ¶ 11; *Order of Case Dismissal* [#23-1]. This decision operated as a dismissal for lack of subject matter jurisdiction. *Order*

---

[2] This section concerns tort actions against public employees and is part of Colorado's Governmental Immunity Act ("CGIA"), codified at Colo. Rev. Stat. § 24-10-101 et seq., which provides for a limited waiver of sovereign immunity under circumstances set forth in the statute. *See* Colo. Rev. Stat. § 24-10-102 (declaration of policy).

*of Case Dismissal* [#23-1]; *see Maphis v. City of Boulder*, 504 P.3d 287, 291 (Colo. 2022) (stating that whether the CGIA applies is a question of subject matter jurisdiction) (citations omitted).

On February 17, 2022, Plaintiff filed suit in Jefferson County District Court against Defendant here, seeking uninsured motorist benefits and alleging that Defendant had engaged in bad faith, unreasonable delay and denial of benefits, and intentional infliction of emotional distress. *Compl.* [#3] at 5-7. The case was subsequently removed to the District of Colorado. *Notice of Removal* [#1].

In the present Motion [#23], Defendant disputes Plaintiff's assertion that Ms. Young was an uninsured motorist, because she had insurance with State Farm at the time of the accident. *Motion* [#23] at 4-6. Defendant further argues that, even if the dismissal of Plaintiff's suit against Ms. Young rendered Ms. Young uninsured as a matter of law, Plaintiff did not timely file suit against Defendant. *Id.* at 7. Relatedly, Defendant argues that Plaintiff failed to act diligently to ascertain whether Ms. Young was uninsured. *Id.* at 10-11. Defendant, therefore, seeks determination of the following questions of law: (1) whether Ms. Young was uninsured at the time of the accident with Plaintiff; and (2) whether Plaintiff's suit against Defendant is barred by the statute of limitations. *Id.* at 3.

Plaintiff responds that Ms. Young's immunity from suit under the CGIA rendered her uninsured as a matter of law pursuant to *Borjas v. State Farm Mutual Automobile Insurance Co.*, 33 P.3d 1265 (Colo. App. 2001). *Response* [#24] at 4-6. Plaintiff further argues that her suit against Defendant was timely filed, and that there was no lack of diligence. *Id.* at 9, 11.

3

## II. Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Factual assertions can be supported by "stipulations (including those made for purposes of the motion only)" and "on motions for summary judgment, courts regard stipulations of fact as admissions of the parties that are conclusive without further evidentiary support in the record." Fed. R. Civ. P. 56(c)(1)(A); *accord In re Durability Inc.*, 212 F.3d 551, 555 (10th Cir. 2000) (citing *Stubblefield v. Johnson-Fagg, Inc.*, 379 F.2d 270, 272 (10th Cir. 1967)).

## III. Analysis

**A.   Colorado's Uninsured Motorist Statute and CGIA Immunity**

Defendant first asks the Court to determine, as a matter of Colorado law,[3] that Ms. Young was not an uninsured motorist at the time of the accident, and, therefore, Plaintiff cannot bring a claim for uninsured motorist benefits from Defendant. *Motion* [#23] at 5.

---

[3] Federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Where jurisdiction is based on diversity, the Court applies the law of the forum state—here, Colorado. *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). "[W]here a state's highest court has not addressed an issue of law, a starting point for conducting an *Erie* analysis is the decisions of the state's intermediate court of appeals and those decisions are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 947-48 (10th Cir. 2018) (quoting *Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1077 (10th Cir. 2007)).

The parties have stipulated that at the time of the accident, Ms. Young was insured by State Farm. *Id.* at 3, ¶ 2; *Response* [#24] at 3, ¶ 2. The parties have stipulated, and a Colorado state court has found, that Ms. Young was immune from suit under the Colorado Governmental Immunity Act ("CGIA"). *Motion* [#23] at 4, ¶ 11; *Response* at 4, ¶ 11. The question is whether the state court's finding of immunity rendered Ms. Young "uninsured" for purposes of Colorado's Uninsured Motorists Act.

### 1. Colorado Law Regarding Uninsured Motorist (UM) Coverage

Pursuant to the Colorado Uninsured Motorists Act (the "UM statute"), unless rejected by the insured, automobile liability policies must provide coverage "for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting from a motor vehicle accident." Colo. Rev. Stat. § 10-4-609(1)(a)(I)-(II). The UM statute's purpose, as expressed by the Colorado General Assembly, is "to assure the widespread availability to the insuring public of insurance protection against financial loss caused by negligent financially irresponsible motorists." *See Kral v. Am. Hardware Mut. Ins. Co.*, 784 P.2d 759, 763 (Colo. 1989) (quoting 1965 Colo. Sess. Laws 333). The legislative declaration of purpose "expresses the legislature's prime concern as [being] the need to compensate the innocent driver for injuries received at the hands of one from whom damages cannot be recovered." *Farmers Ins. Exch. v. McDermott*, 527 P.2d 918, 920 (Colo. App. 1974).

To effectuate the UM statute's broad intent, Colorado courts have "tended to be protective of the benefits provided by UM/UIM coverage." *Am. Fam. Mut. Ins. Co. v. Ashour*, 410 P.3d 753, 758-59 (Colo. App. 2017) (collecting cases). They have held that

"the public policy of Colorado requires that insurance coverage be available to protect motorists from losses caused by other negligent drivers who cannot *or will not* pay for the damages they have caused." *Borjas*, 33 P.3d at 1268 (emphasis added). Thus, in Colorado, UM coverage is available not only where the tortfeasor is a financially irresponsible driver but also, generally, where the tortfeasor is legally immune from suit. *Id.* (CGIA immunity); *see Ashour*, 410 P.3d at 767 (UM coverage available where tortfeasor immune under Colorado's Workers' Compensation Act). To prevail, all the insured must show is "that the fault of the uninsured motorist gave rise to the damages and the extent of those damages." *Borjas*, 33 P.3d at 1269.

### 2. CGIA Immunity

In *Borjas*, a police officer struck the plaintiff's vehicle while responding to an emergency, and the plaintiff initially sued the officer and his employer, the City of Alamosa. *Borjas*, 33 P.3d at 1266. The trial court dismissed the action for lack of subject matter jurisdiction, finding that both defendants were immune under the CGIA. *Id.* The plaintiff then sought UM benefits from her own insurer. *Id.* at 1266-67. The trial court dismissed her claims against her insurer, finding that UM coverage was excluded. *Id.* at 1267. The Colorado Court of Appeals reversed, holding that the UM statute "must be construed to require UM coverage when the driver who has caused the insured's damage is immune from liability because of the CGIA." *Id.*

The Court finds that *Borjas* is on point. Here, Plaintiff was struck by Ms. Young's vehicle, and Ms. Young was found to be immune from liability because of the CGIA. *Motion* [#23] at 3-4, ¶¶ 1, 11; *Order of Case Dismissal* [#23-1]. Just as in *Borjas*, the UM

statute "must be construed to require UM coverage," because Ms. Young "is immune from liability because of the CGIA." *Borjas*, 33 P.3d at 1267.

Defendant's contrary arguments are unpersuasive. *Motion* [#23] at 4-6; *Reply* [#25] at 2-4. First, Defendant points out that Ms. Young was not a "financially irresponsible motorist" because she had personal liability coverage through State Farm and, therefore, she is not the kind of tortfeasor contemplated in the UM statute. *Motion* [#23] at 5. Yet *Borjas* recognized that a driver who is immune under the CGIA "may not be financially irresponsible in the sense that they lack the ability to pay, but from the perspective of the injured innocent driver, the lack of legal responsibility has the same effect." *Borjas*, 33 P.3d at 1268. It does not matter whether Ms. Young was financially responsible; she is immune because of the CGIA, which creates a lack of legal responsibility because Plaintiff cannot recover from her.

Defendant also points to Plaintiff's attempts to pursue a claim with State Farm as evidence that Ms. Young was insured at the time of the accident. *Motion* [#23] at 5-6. Again, whether an immune tortfeasor carries insurance does not affect the analysis. *See, e.g.*, *Coleman-Domanoski v. St. Paul Guardian Ins. Co.*, 456 F. Supp. 3d 1250, 1255 (D. Colo. 2020) (stating that, "for purposes of UM coverage, a tortfeasor's immunity from suit is treated as equivalent to being uninsured"). Nor does it matter that Plaintiff had opened a claim with State Farm before the finding of immunity:

> Colorado law deems a tortfeasor who cannot be sued (either because of absolute immunity or other legal bar) "uninsured" *even if the tortfeasor has insurance*. There is nothing for the tortfeasor's insurer to cover if the law shields the tortfeasor from liability. From the tort victim's perspective, it creates the functional equivalent of an uninsured tortfeasor, and providing the tort victim coverage furthers the public policy goal of such insurance.

7

*Depositors Ins. Co. v. Murphy*, 629 F.Supp.3d 1050, 1063 (D. Colo. 2022) (emphasis added).

Even though Ms. Young had personal automobile liability insurance at the time of the accident, the Court finds as a matter of law pursuant to *Borjas* and Colorado's public policy that Ms. Young was an uninsured motorist for purposes of Colo. Rev. Stat. § 10-4-609(1)(a) because she was immune under the CGIA. To the extent the Court construes Defendant's Motion [#23] as seeking summary judgment on the basis that Ms. Young is not an uninsured motorist, the Motion [#23] is **denied**.

**B.  The Statute of Limitations**

    **1.  The Two-Year Grace Period for UM Claims**

Having determined that Ms. Young was uninsured for purposes of the UM statute, the remaining question is whether Plaintiff's statute of limitations had run before she filed suit against Defendant. Defendant argues that Plaintiff's claim for UM benefits is barred by the statute of limitations because she should have known long before the case was dismissed that, at the time of the accident, Ms. Young was within the course and scope of her employment with Jefferson County. *Motion* [#23] at 7. Plaintiff disagrees, arguing that only the dismissal of her claim against Ms. Young triggered her knowledge of Ms. Young's uninsured status. *Response* [#24] at 9. Plaintiff points out that she filed suit against Defendant within two years of that dismissal. *Id.*

Colorado's statute of limitations for an uninsured motorist claim is found in Colo. Rev. Stat. § 13-80-107.5(1)(a), which provides:

> An action or arbitration of an "uninsured motorist" insurance claim, as defined in sections 10-4-609 and 10-4-610, C.R.S., shall be commenced or demanded by arbitration demand within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the

8

> uninsured motorist is preserved by commencing an action against the uninsured motorist within the time limit specified in sections 13-80-101(1)(n) and 13-80-102(1)(d), then an action or arbitration of an uninsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years after the insured knows that the particular tortfeasor is not covered by any applicable insurance. In no event shall the insured have less than three years after the cause of action accrues within which to commence such action or demand arbitration.

In other words, the insured always has at least three years from the date of accrual to file a UM claim. Colo. Rev. Stat. § 13-80-107.5(1)(a); *see also Jones v. State Farm Mut. Auto. Ins. Co.*, 653 F. App'x 598, 605 (10th Cir. 2016). The statute contains an "grace period" of up to two additional years, if (1) the insured "preserved" her claim by suing the uninsured motorist within three years of the accident, and (2) the insured "knows" that the driver was uninsured and filed suit against the insurer within two years of knowing that the tortfeasor is not covered by any applicable insurance. Colo. Rev. Stat. § 13-80-107.5(1)(a) (incorporating three-year statute of limitations found in Colo. Rev. Stat. § 13-80-101(1)(n)); *see also Rider v. State Farm Mut. Auto. Ins. Co.*, 205 P.3d 519, 522-23 (Colo. App. 2009). However, if the insured discovers the tortfeasor's uninsured status during the initial three-year limitations period, the two-year grace period then runs concurrently and may even expire during the initial three-year period. *Rider*, 205 P.3d at 522 (citing *Trigg v. State Farm Mut. Auto Ins. Co.*, 129 P.3d 1099 (Colo. App. 2005)).

Here, it is stipulated that the accident occurred on February 23, 2018. *Motion* [#23] at 3, ¶ 1; *Response* [#24] at 3, ¶ 1. It is stipulated that Plaintiff filed suit against Ms. Young within three years, on February 19, 2021. *Motion* [#23] at 4, ¶ 7; *Response* [#24] at 3, ¶ 7. It is stipulated that Ms. Young was found immune from suit by a Colorado state court on September 2, 2021. *Motion* [#23] at 4, ¶ 11; *Response* [#24] at 4, ¶ 11. Finally, it is

9

stipulated that Plaintiff filed suit against Defendant on February 17, 2022. *Motion* [#23] at 4, ¶ 12; *Response* [#24] at 4, ¶ 12.

Plaintiff "preserved" her claim by filing suit against Ms. Young within three years, i.e., the time limit specified in Colo. Rev. Stat. § 13-80-101(1)(n) for bodily injury actions arising from use or operation of a motor vehicle. Colo. Rev. Stat. § 13-80-107.5(1)(a) (incorporating Colo. Rev. Stat. § 13-80-101(1)(n)). Because Plaintiff did not sue Defendant within the initial three-year limitations period for a UM action, the issue hinges on whether Plaintiff still filed within the two-year "grace period" allowed by Colo. Rev. Stat. § 13-80-107.5(1)(a). This requires the Court to determine when that grace period began, i.e., when Plaintiff "kn[ew] that the particular tortfeasor is not covered by any applicable insurance." Colo. Rev. Stat. § 13-80-107.5(1)(a).

In making its determination, the Court takes note of *Sulca v. Allstate Insurance Co.*, 77 P.3d 897, 900 (Colo. App. 2003), which held that the limitations period begins to run when the insured knew or, in the exercise of reasonable diligence, should have known, that there was no applicable insurance. *Sulca* imposed a duty on plaintiffs to "use due diligence in discovering the relevant circumstance or event" surrounding the tortfeasor's coverage or lack thereof. *Sulca*, 77 P.3d at 900. Defendant is correct that the limitations period for Plaintiff to bring a claim began to run "when the insured knew or, in the exercise of reasonable diligence, should have known that there was no applicable insurance." *Motion* [#23] at 8 (citing *Sulca*, 77 P.3d at 900). Thus, Plaintiff's reasonable diligence and constructive knowledge are material facts to determine when the "grace period" began and are dispositive of Defendant's argument that Plaintiff filed suit after the statute of limitations. *See, e.g., Sulca*, 77 P.3d at 898, 900 (rejecting insured's argument

that "documented proof" was required before insured "knew" tortfeasor was uninsured for purposes of UM statute of limitations); *Trigg*, 129 P.3d at 1102 (finding insured's UM cause of action accrued as early as tortfeasor admitting he was uninsured and as late as when the insured told his doctor he was involved in uninsured motorist litigation).

### 2.     Constructive Knowledge

Defendant argues that Plaintiff's "ignorance that Vicky Young was immune from suit under Colo. Rev. Stat. § 24-10-118 cannot be used to extend the statute of limitations on her uninsured motorist claim." *Motion* [#23] at 7. Defendant further argues that the limitation period commenced when Plaintiff knew, or should have known, that Ms. Young was working in the course and scope of her employment with Jefferson County and, therefore, immune from suit. *Id.* at 10. Defendant asserts that "[s]imply calling Ms. Young and asking her if she was working for anyone at the time of the accident, would have revealed that fact." *Id.* at 11. In sum, Defendant is not arguing that Plaintiff *actually knew* Ms. Young was immune and therefore uninsured before her case was dismissed, but that Plaintiff *should have known*, i.e., she constructively knew. *Id*.

Whether the statute of limitations bars a particular claim is usually a fact question. *Sulca*, 77 P.3d at 899 (citing *Keller Cattle Co. v. Allison*, 55 P.3d 257 (Colo. App. 2002)). However, if undisputed facts show clearly that the plaintiff had (or should have had) the requisite information as of a particular date, the issue may be decided as a matter of law. *Id.* (citing *Winkler v. Rocky Mountain Conf. of United Methodist Church*, 923 P.2d 152 (Colo. App. 1995)).

Here, the parties' stipulations confirm that Plaintiff had actual knowledge of Ms. Young's uninsured status by September 2, 2021, at the latest (when the state court

11

dismissed her case on the basis of CGIA immunity). *Motion* [#23] at 4, ¶¶ 10-11; *Response* [#24] at 4, ¶¶ 10-11. However, the stipulated facts do not show clearly when Plaintiff had (or should have had) the requisite information to determine Ms. Young's employer or her potential immunity. *See Motion* [#23] at 4, ¶ 11; *Response* [#24] at 4, ¶ 11; *Order of Case Dismissal* [#23-1]. As Defendant argues, Plaintiff possibly was on notice of the CGIA issue much earlier and should have known that Ms. Young was uninsured more than two years before she sued Defendant. *Motion* [#23] at 10-11. However, the Court cannot conclude that from the stipulated facts presented. Despite the parties' stipulated facts, there remains a genuine dispute of material fact as to Plaintiff's constructive knowledge.

Resolving the factual gaps and drawing reasonable inferences in Plaintiff's favor, as the Court must, Plaintiff filed suit against Ms. Young on February 19, 2021, within three years of the accident, thus preserving her claim. *Motion* [#23] at 3, ¶¶ 1, 4; *Response* [#24] at 3, ¶¶ 1, 4; Colo. Rev. Stat. § 13-80-101(1)(n). Plaintiff *actually knew* that Ms. Young was an uninsured motorist on September 2, 2021, when her claim was dismissed following a hearing, and Plaintiff filed suit against Defendant on February 17, 2022, less than two years later.[4] *Motion* [#23] at 4, ¶¶ 11-12; *Response* [#24] at 4, ¶¶ 11-12. Plaintiff's previous communications with State Farm and her efforts to pursue a third-party personal injury claim, as described in the stipulated facts, suggest that Plaintiff had reason to believe Ms. Young was not an uninsured motorist until the Jefferson County court held a hearing and determined otherwise. *Motion* [#23] at 3, ¶¶ 3-6; *Response* at 3-4, ¶¶ 3-6.

---

[4] Even if Plaintiff learned Ms. Young was an uninsured motorist on June 1, 2021, upon Ms. Young's filing of a motion to dismiss, Plaintiff still filed the above-captioned suit against Defendant within a two-year period.

12

This case is analogous to *Jones*, where the insured initially had multiple leads about potential owners and pursued the tortfeasor all the way through a default-damages hearing before learning that he did not own the car. *Jones*, 653 F. App'x at 607. The Tenth Circuit found that under those unique circumstances, the insured did not "know" that no insurance was available until the default hearing, and her action was timely because she filed within two years of the hearing. *Id.*

On the record before it, the Court cannot find that Plaintiff filed suit after the statute of limitations in Colo. Rev. Stat. § 13-80-107.5(1)(a) had elapsed. Defendant has not carried its burden of proving Plaintiff's claim is time-barred. Therefore, the Court must deny Defendant's request for an order that Plaintiff's claims against it are barred by the statute of limitations. To the extent the Court construes the Motion [#23] as seeking summary judgment on the basis of statute of limitations, the Motion [#23] is **denied**.

For the reasons stated above, the Court finds that, as a matter of law, Ms. Young was uninsured at the time of the accident for purposes of Colo. Rev. Stat. § 10-4-609. Additionally, on the stipulated facts presented, the Court cannot find that Plaintiff's claims against Defendant are barred by the statute of limitations.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#23] is **DENIED**.

Dated: March 25, 2024        BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge